ISAAC A. HILL v. JOHN V. HELMAN.

[FILED JANUARY 12, 1892.]

1. **Review.** Evidence examined, and it not appearing that the verdict is clearly wrong, it is sustained.

2. **A new trial** will not be granted upon newly discovered cumulative evidence, unless the new evidence is of so controlling a character as probably would change the verdict.

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*St. Clair & McPheely*, and *Arthur H. Burnett*, for plaintiff in error.

*L. W. Hague*, and *Leese & Stewart, contra.*

Maxwell, Ch. J.

This is an action for the conversion of certain goods which had been levied upon and sold by the plaintiff in error as sheriff.    The defendant below filed an answer as follows:

"Admits that I. W. Haws executed and delivered to plaintiff his promissory note for the sum of $519.95; admits that said I. W. Haws executed and delivered to plaintiff a chattel mortgage upon the goods, wares, merchandise, and fixtures alleged in the petition herein; admits that said mortgage was filed in the office of the county clerk of Kearney county as alleged in the petition. As to whether the sum secured by the said mortgage was paid when it became due or at any time, and as to whether plaintiff ever demanded payment thereof the defendant has neither knowledge or information sufficient to form a belief, he therefore denies the same; admits that plaintiff took possession of said mortgaged property on or about July 27th, 1889; admits that defendant is, and was on the 27th day of July, 1889, sheriff of Kearney county, Nebraska; admits that by virtue of order of attachment against one I. W. Haws upon valid, due, and unpaid claims and accounts the defendant levied upon said property and took the same into his possession as such sheriff; admits that as such sheriff, under an execution issued against the property of the said I. W. Haws upon judgment duly rendered upon the aforesaid claims of creditors, the defendant, on or about September 5, 1889, levied said execution upon said aforesaid property; admits that as such sheriff the defendant, on or about October 3, 1889,

sold said property at public vendue to the highest bidder for cash.

" 2. Defendant denies that said promissory note referred to in paragraph 1 of said petition was based upon money had and received by said I. W. Haws from this plaintiff; denies that there was any consideration whatever for said promissory note; denies that on the 27th day of July, 1889, or at any other time, the plaintiff was, or is, entitled to the possession of the mortgaged property described in the petition, or to any part or portion thereof; denies that at any time the defendant had any knowledge of any right of the plaintiff to the said mortgaged property or any part or portion thereof; denies that plaintiff, or any person for him, at any time demanded of him the said goods and chattels or any part thereof, and denies that defendant refused on any demand of the plaintiff to deliver to him the said goods.

" 3. The defendant for the fourth answer and defense to the petition of the plaintiff herein says, that at the date of the execution of the note and mortgage by I. W. Haws to the plaintiff referred to in said petition the said I. W. Haws was and is the brother-in-law of the plaintiff, and was financially in failing circumstances, and was being pressed by his creditors for payment of their respective claims, all of which was well known to the plaintiff herein; that suit had been commenced and was then pending in favor of the parties in whose behalf and at whose procurement the writs of attachment referred to in the petition were issued; that pending said actions, and before such orders of attachment were issued, the said I. W. Haws and the plaintiff herein conspiring to cheat and defraud said creditors of the said Haws, and for the purpose of hindering and defeating them in the collection of their said claims, executed on the part of Haws, and was received by the plaintiff herein, the said note and mortgage referred to in said petition, and defendant alleges that the same were

entirely without consideration; that no real indebtedness existed to plaintiff from said Haws, and that the same were so executed and delivered for the sole purpose aforesaid, and conferred no right in or to said mortgaged property upon the plaintiff herein; that the taking possession of said mortgaged property by the plaintiff was without right, and was in pursuance of the fraudulent intent aforesaid, and to cover up the said property of said Haws, and prevent the application thereof to the payment of his just debts. Defendant denies each and every allegation in said petition not hereinbefore admitted or otherwise denied."

The reply is a general denial. On the trial of the cause the jury returned a verdict for the sum of $532 in favor of the plaintiff below, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The testimony tends to show that the defendant in error is a brother-in-law of one I. W. Haws; that Haws was carrying on the mercantile business in a small way at Heartwell; that the defendant in error had loaned Haws sums of money from time to time, and on the 26th of July, 1889, loaned him $150, and took a mortgage on his stock of goods to secure that and other loans. The defendant in error had taken possession of the stock under his mortgage before the attachments were levied. The principal defense is that Haws was not indebted to the defendant in error. In our view the testimony sustains the verdict. The defendant in error seems to have taken unusual pains to announce to his friends that Haws was embarrassed financially, and two witnesses testify, in effect, that he stated to each of them some time prior to July 26, 1889, that Haws had nearly paid him up, and that he was through with him. This testimony was proper to submit to the jury, but is not sufficient, when considered in connection with the other testimony in the case, to show that the verdict is wrong. The first objection, that the verdict is against the weight of evidence, therefore, must be overruled.

Second—One Thompson makes an affidavit that prior to July 26, 1889, the defendant in error said to him, "that I. W. Haws was in bad shape financially, but was square with him, the said Helman, and did not owe him, Helman, more than $1.50, and he proposed to keep even with him." This is substantially what two other witnesses had testified to, and is not sufficient to authorize the granting of a new trial. Cumulative evidence may be sufficient to authorize the granting of a new trial when it is of so controlling a character as to render clear what was before doubtful, and would probably change the verdict. (*Levitsky v. Johnson*, 35 Cal., 41; *Windham v. Kendall*, 7 R. I., 77; Maxw., Pl. and Pr. [5th Ed.], 447.) The newly discovered evidence in this case fails to reach the degree of certainty required and will not authorize the granting of a new trial. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.