Watson v. State.

WILLIAM WATSON V. STATE OF NEBRASKA.

FILED JULY 19, 1922.    No. 21914.

1. Information: OATH: SUFFICIENCY. The sufficiency of an oath to a complaint or information is not fixed by our state Constitution, but is a matter of legislative and judicial determination.

2. Constitutional Law: CONSTRUCTION. A contemporaneous legislative construction of a constitutional provision, which has, for many years, been adhered to, by the legislative and executive

departments of the government, will not be disregarded by the courts, and in doubtful cases will generally be held conclusive.

3. **Intoxicating Liquors:** SEARCH WARRANT: DESCRIPTION. A search warrant provided for by section 1, ch. 109, Laws 1919, being primarily for the search of particular premises for intoxicating liquors and the bringing of the person found in charge thereof before the magistrate for examination, the same particularity in describing the owner or occupant of the premises, thought to be in possession of the liquor, is not required as is necessary in warrants solely for the apprehension of persons.

4. **Criminal Law:** ADMISSION OF EVIDENCE. The admission of incompetent testimony to prove a fact may be a harmless error, where such fact is established by other sufficient uncontradicted evidence.

ERROR to the district court for Sarpy county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*Jamieson, O'Sullivan & Southard,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Charles S. Reed, contra.*

Heard before DEAN and DAY, JJ., DILWORTH and CLEMENTS (E. P.), District Judges.

CLEMENTS, District Judge.

Defendant was convicted of unlawfully having in his possession, for unlawful sale and disposition, certain intoxicating liquors. The evidence upon which the conviction rests was obtained principally by search of his premises under a warrant issued by virtue of section 1, ch. 109, Laws 1919. Defendant contends that section 1 is in violation of both state and federal constitutions, because it permits a complaint for a search warrant to be made upon information and belief; that the warrant was void; and the evidence obtained thereby was inadmissible to prove his guilt. Because his motion for a return of the liquor taken was overruled and the liquor was permitted to be used in evidence, and for other reasons, which will be noted later, he asks a reversal of the conviction.

The facts are as follows: The defendant's premises were searched by the sheriff. In an addition to the house,

at the end of a stairway leading down cellar, a hole was found in the floor, and in the hole were 4½ gallons of alcohol and 94 quarts of gin. The hole at the time of the search was covered with linoleum, on which stood an icebox. The defendant made no defense and was not present at the trial, his request to have the trial proceed, in his absence, having been granted. His attorney was present at the trial, moved for a return of the liquor, cross-examined witnesses, made objection to evidence, and preserved the defendant's right to appeal. He here presents the constitutional question, and urges that errors were made in the conduct of the trial.

Defendant's contention that section 1, ch. 109, Laws 1919, is in violation of the fourth amendment of the Constitution of the United States is answered by calling attention to the fact that this amendment is not a limitation of the powers of the state, but operates solely on the federal government. 35 Cyc. 1269; *National Safe Deposit Co. v. Stead, Attorney General,* 232 U. S. 58; *Ohio v. Dollison,* 194 U. S. 445.

The question of whether our law violates section 7, art. I of the state Constitution, is much more serious and deserves careful consideration. At the outset it should be noted that section 7, art. I, is identical in language with the fourth amendment of the federal Constitution, and that the federal courts have generally construed the fourth amendment as prohibiting the issuance of search warrants on complaints made on information and belief. *United States v. Kelih,* 272 Fed. 484; *United States v. Borhowski,* 268 Fed. 408; *United States v. Rykowski,* 267 Fed. 866. The doctrine announced in these cases, so far as we have been able to determine, has never been confirmed by the United States supreme court. This court has in many decisions upheld the fourth amendment as a prohibition against search without a warrant or the issuance of general warrants, but, in no case that we have been able to find, has it interfered with the preliminary steps provided by law for obtaining a warrant, or promul-

gated a rule that can rightfully be claimed as a basis for the holdings of the federal cases cited. Notwithstanding this fact and that no federal question is here involved, the defendant insists that these cases are binding on this court and decisive of this question. This, of course, is not so. It has long been recognized that the highest court of the state has the right to determine whether an act of the state legislature is in violation of the state Constitution. 6 R. C. L. 84, sec. 83. Even if these decisions are of persuasive value, they are not binding on this court relative to this question. *Rothschild & Co. v. Steger & Sons Piano Mfg. Co.*, 256 Ill. 196, Ann. Cas. 1913E 276; *City of Sioux Falls v. Walser*, 187 N. W. (S. Dak.) 821.

The defendant says that the provision, "No search warrants shall issue but upon probable cause, supported by oath or affirmation," is an express and positive prohibition against search warrants issued upon complaints verified by information and belief. The argument is, an oath upon information and belief is not an oath at all, and therefore does not meet the constitutional requirement. It will be noted, however, that the Constitution does not define an oath, and when the defendant says an oath upon information and belief is not an oath he is resorting to construction, which is not necessary where provisions are express and positive. The sufficiency of an oath to complaints and informations is not fixed by the Constitution, but is a matter of legislative and judicial determination. In some jurisdictions, notably the federal districts represented by the courts cited, *supra*, it has been held that an oath upon information and belief is not an oath, and that a complaint or information verified upon information and belief is void. This court is committed to a different rule. Section 489 of the Criminal Code (Rev. St. 1913, sec. 9064) provides: "All informations shall be verified by the oath of the county attorney, complainant, or some other person." In *Richards v. State*, 22 Neb. 145, and *Sharp v. State*, 61 Neb. 187, this court has said: "It is sufficient

if an information is verified by the county attorney on information and belief."

An examination of the holdings of the state courts on this question discloses the impossibility of harmonizing them. Some have followed the federal courts, while others have refused to be influenced by them and have steadfastly upheld the constitutionality of statutes similar to ours. The leading case upholding the contention of defendant is *State v. Peterson,* 27 Wyo. 185, where all the cases, both state and federal, which in any manner support this contention are collected and commented upon. The states having the same constitutional guaranty against unreasonable search and seizure as this state and which have sustained a law similar to ours are: Connecticut— *Lowrey v. Gridley,* 30 Conn. 450; Vermont—*Lincoln v. Smith,* 27 Vt. 328; Main—*State v. Welch,* 79 Me. 99; Rhode Island—*State v. Fitzpatrick,* 16 R. I. 54; Massachusetts —*Jones v. Root,* 72 Mass. 435; Indiana—*Rose v. State,* 171 Ind. 662; Iowa—*Santo v. State,* 2 Ia. 165; Washington—*State v. Gordon,* 95 Wash. 289; Alabama—*Salley v. State,* 9 Ala. App. 82.

The irreconcilable conflict in the decisions of the various courts of this country can be explained in only one way. The prohibition of the Constitution sought to be invoked is not express and positive, but, if it exists at all, it is by implication and must be found by construction, and that two constructions are possible, one upholding, the other invalidating the law. This being so, then, in view of the holding of this court in *State v. Jones-Hansen Cadillac Co.,* 103 Neb. 353, that this law being for the preservation of the public peace, health and safety, must be liberally construed in furtherance of the high moral purpose aimed at, and in view of other well-established rules of constitutional and statutory construction (*Cass County v. Sarpy County,* 66 Neb. 473; *State v. Standard Oil Co.,* 61 Neb. 28), we feel bound to choose that construction which upholds the validity of the law.

One further compelling reason for this conclusion should

be noted.    Section 7, art. I, appears in our first Constitution drafted and submitted to the people by the territorial legislature of 1866.   The provision for the issuance of a search warrant upon a complaint that the person swearing or affirming does verily believe that the stolen goods or other property are or is concealed, etc., was enacted by the same legislature, Rev. St. 1866, Cr. Code, sec. 225.   In this legislature were a number of eminent lawyers, three of whom afterwards became members of this court.   It will not willingly be presumed that the framers of the Constitution immediately enacted a law in violation of its terms.   The reasonable conclusion is that these men construed the Constitution as permitting the law in the form in which it was enacted.

This law was reenacted in 1873.    Gen. St. 1873, Cr. Code, sec. 336.   Ever since its inception it has been enforced without question as to its constitutionality.    In 1889 a law containing practically the same provisions as to the issuance of search warrants in liquor cases as does section 1, ch. 109, Laws 1919, was enacted as an amendment to chapter 61, Laws 1881, the "Slocumb Law." This law was reenacted in 1913. Rev. St. 1913, sec. 8993.   In 1917 it was amended and reenacted as chapter 187 of the Laws of that year.   In 1919 it was again reenacted as section 1, ch. 109.   It will be seen that four different legislatures have passed upon this law, with apparently no thought that it was in conflict with the Constitution.   In 1919 a constitutional convention revised and proposed amendments to the Constitution.   The members of this convention presumably became familiar with the provisions of the Constitution, including section 7, art. I. The legislature of that year which enacted section 1, ch. 109, included in its membership many members of the constitutional convention, a number of these being lawyers of ability.   This law in practically its present form has been consistently enforced since 1889.   It has withstood attacks of almost every nature, and never before has its constitutionality been questioned upon the grounds raised

in this case.   These facts constitute a contemporaneous legislative and practical construction which, if not conclusive, is entitled to great weight.   6 R. C. L. p. 63, sec. 60, p. 64, sec. 61, p. 66, sec. 63.

In view of all the foregoing considerations, we hold that section 1, ch. 109, Laws 1919, does not conflict with section 7, art. I of the state Constitution.

The defendant complains that his true name was not given in the search warrant.   He was designated therein as John Doe, whose first and real name is unknown, but who uses and occupies the one and one-half story frame house at 1134 Edwards street in Sarpy county, Nebraska. Defendant says that this was not a sufficient designation or description, and the warrant for that reason was void. He cites some authorities to the effect that a John Doe warrant is defective and void upon its face.   These cases all refer to ordinary warrants for the apprehension of persons.

The search warrant provided for by section 1, ch. 109, Laws 1919, is of a different nature.   Its primary object is a search for intoxicating liquors kept in violation of law. The person who unlawfully owns or keeps liquor is to be named or described in the warrant, and if he is found in possession of the liquors or in charge thereof he is to be arrested and brought before the magistrate for examination.   If no one is found in possession of the liquors they may still be seized.   This is a different proceeding from the issuance of a warrant by which an officer must at his peril select and identify the person to be arrested from the body of the community.   The defendant was not arrested under the search warrant.   He was apprehended under a complaint filed later, upon which a warrant was issued in which his name was correctly given.   He pleaded to the complaint and information without raising any question as to their sufficiency.   There is no claim that the place to be searched and the liquor to be seized were not sufficiently described.   We think that the description of the defendant in the warrant was sufficient to justify his being brought before the magistrate for examination if he had been found

in possession or in charge of the liquor. If he had been arrested under the search warrant when not in possession or in charge of the liquor, a question might arise as to the sufficiency of the warrant to identify him, but it is unnecessary to decide this, as he was not arrested under the search warrant.

Defendant complains that the search warrant and the return of the officer thereon was admitted in evidence over his objection. This was no doubt error, but the defendant was not injured thereby. The complaint upon which the search warrant was issued, containing all the evidential facts found in the warrant, was admitted in evidence without objection, and the sheriff was a witness and testified without objection to every fact contained in the return. It is a familiar principle that incompetent evidence is deemed harmless, so far as a motion for a new trial is concerned, where other evidence to the same effect is properly admitted and is sufficient to prove the matter in question. *Lamb v. State,* 40 Neb. 312.

The defendant also complains that the sheriff was permitted to testify over his objection as to the facts and circumstances which occurred at a further search of his premises made after the finding of the liquor taken under a later warrant. This evidence was probably irrelevant and inadmissible; but, if not prejudicial, the defendant has no reason to complain. It will be recalled that $4\frac{1}{2}$ gallons of alcohol and 94 quarts of gin were found in defendant's possession under circumstances that raised the strongest possible presumption that it was kept unlawfully and for unlawful disposition. This liquor and the circumstances of its discovery was properly in evidence. The defendant did not appear at the trial or make any attempt to explain or justify his possession of this liquor. The law provides: "The possession by any person of any intoxicating liquors except under permit as in this act authorized shall be presumptive evidence of the keeping for sale, selling, use or disposal of such liquors in violation of this act, unless after examination he shall satis-

factorily account for and explain the possession thereof, and that it was not kept for an unlawful purpose." Laws 1919, ch. 109, sec. 1. Under these facts and this law there could have rightfully been no other verdict, even though this incompetent evidence had been eliminated. "The admission of incompetent testimony to prove a fact is harmless error, where such fact is established by other sufficient uncontradicted evidence." *Lamb v. State,* 40 Neb. 312. In this case the defendant's guilt was clearly established by competent uncontradicted evidence. The evidence objected to was merely cumulative upon a charge requiring no additional proof, and the admission thereof is not ground for a reversal.

AFFIRMED.