LEE BROWNE V. STATE OF NEBRASKA.

FILED FEBRUARY 14, 1927.   NOS. 25384, 25826.

1. **Burglary:** SUFFICIENCY OF EVIDENCE. Evidence examined and outlined in the opinion *held* sufficient to sustain a conviction for burglary.

2. **Criminal Law:** INSTRUCTIONS. Whether an instruction to the jury is a correct statement of law applicable to the issues must be determined from an examination of the whole charge to the jury, and not from an isolated sentence in a single instruction.

3. ———: REFUSAL OF INSTRUCTION. Error cannot be predicated upon a refusal by the court to give an instruction requested by the defendant when in another instruction the jury are correctly informed respecting the points covered by defendant's requested instruction.

4. ———: MISCONDUCT OF JURY. Evidence examined as to alleged misconduct of a juror and *held* not to show misconduct.

5. ———: NEW TRIAL: NEWLY DISCOVERED EVIDENCE. A new trial should not be granted a party on the ground of newly discovered evidence, unless he makes it appear that the newly discovered evidence could not by the exercise of reasonable diligence have been discovered and produced at the trial.

ERROR to the district court for Thurston county: MARK J. RYAN, JUDGE. *Affirmed.*

*Robert G. Fuhrman* and *George A. Gorder*, for plaintiff in error.

*O. S. Spillman, Attorney General*, and *Harry Silverman, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and SHEPHERD, District Judge.

GOSS, C. J.

The defendant, with another, was charged with breaking and entering. He was tried separately, was convicted and was sentenced under the indeterminate law to a term of one to ten years in the penitentiary. He prosecuted error to this court. Afterward he applied to the trial court for a new trial based chiefly on the ground of newly discovered evidence. The application was overruled and he prosecuted error thereon, docketing that as a separate case. On the oral argument before the court it was agreed, the court consenting, that both proceedings should be argued and heard together, which was done.

In the main case the assignments of error may be grouped under the heads of (1) insufficient evidence, (2) error in instructions, (3) misconduct of juror, (4) refusal to strike testimony, and (5) excessive sentence.

There is competent evidence in the record to show that on the night of January 1, 1926, the store of C. E. Armstrong, at Thurston, Nebraska, was burglarized and a quantity of merchandise was stolen and removed in a truck. Later the police of Sioux City apprehended in that city two

men, one of them a codefendant of Browne, driving a Dodge truck loaded with a considerable quantity of the goods stolen. A third man escaped. The officers then went to the defendant's home in Sioux City, arrested the defendant, and found in the only bedroom in the house a trunk containing some of the goods stolen from the Armstrong store; and other articles so stolen were found in the basement of the same house. Witnesses identified the defendant and two other men as eating a late supper in a café at Emerson, which is a few miles from the scene of the burglary. They testified that these men had there the Dodge truck that was taken by the officers in Sioux City with the stolen goods in it and which, at the time of the trial, was in the sheriff's custody. Other witnesses testified to seeing this truck near Thurston on the night in question. This circumstantial evidence was sufficient basis for the verdict of the jury, if submitted under proper instructions.

Complaint is made of the first sentence of instruction No. 6, reading as follows: "The jury are instructed that the possession of stolen property recently after the larceny thereof, when unexplained, may be sufficient to warrant the jury in inferring the guilt of the party in whose possession it is found." This was followed by a charge leaving the question of fact exclusively to the jury. It is claimed that there were two prejudicial errors in the part of the instruction above quoted; first, that it misstated the offense by calling it "larceny," and, second, that the instruction assumes that the defendant was in possession of stolen goods and that his possession was unexplained. Considered in connection with the statement of the case and of the elements of the offense as given in other instructions, and in consideration of the fact that goods taken in breaking and entering are larcenously taken, the use of the word "larceny" did not mislead the jury.

That the court did not assume that the possession was unexplained and that it left that question to the jury is perfectly apparent and was made emphatic to the jury by

Browne v. State.

instruction No. 7 in which the court defined at length what were the elements necessary to be proved before the defendant could be found by them to be in possession of the stolen goods.   Two paragraphs of a charge, one immediately following the other, will be treated as one, when they relate to a particular phase of the case, and each is plainly complemental of the other.   *Dunn v. State,* 58 Neb. 807. In determining the correctness of instructions, they should be considered as a whole; and if, as a whole, they are free from error, an assignment predicated on isolated paragraphs, or portions, which, standing alone, might be misleading, must fail.   *Clark v. State,* 79 Neb. 473; *Bode v. State,* 80 Neb. 74; *Clements v. State,* 80 Neb. 313; *Cate v. State,* 80 Neb. 611; *Shumway v. State,* 82 Neb. 152; *Kenyon v. State,* 111 Neb. 175; *Simmons v. State,* 111 Neb. 644.

The refusal of the court to give an instruction requested by the defendant relating to possession is assigned as error. There is a question whether the instruction requested stated the law correctly, but we deem it unnecessary to go into that as the instructions given by the court covered the case fully and fairly and without prejudice to the rights of the defendant.   In such circumstances it was not error for the trial court to refuse the instruction requested.

The night before the jury session began, one of the jurors rode from Walthill to Pender with a deputy sheriff who afterwards was called as a witness for the state.   There was no mention of the case by either of them then or later until after the verdict was returned.   There was no error here.

It is claimed that the court erred in refusing to strike the testimony of the sheriff.   On examination of the testimony we think some of the testimony was then admissible, and that in its form the motion as made might have been overruled.   The motion was not made until after the witness had testified at length without objection and had been cross-examined.   The ruling of the court was reserved with the statement by the court that if the testimony objected

to was connected up it might stand, but that otherwise it would be stricken.  The motion was not renewed later in the trial, and, in the absence of any indication we cannot say that it was not considered by all parties as having been connected up.  At least, the failure to call the attention of the court to the matter later in the trial was a waiver of the right of defendant to insist upon it now.

Lastly, it is assigned as error that the sentence was excessive.  The defendant might have been given a sentence of ten years  He was given an indeterminate sentence of one to ten years.  We find nothing in the record to warrant us in modifying the judgment of the trial court in this respect.

Defendant was sentenced on March 11, 1926, and on April 8, 1926, he filed his petition in error and transcript in this court. October 25, 1926, within the term at which he was sentenced, he made application for a new trial, which, on November 3, 1926, was overruled.

In these supplemental proceedings, separately docketed, but presented and considered with the main case, error is assigned on the refusal of the trial court to grant a new trial on the ground of newly discovered evidence.

The evidence relied on for a new trial consisted of the *ex parte* affidavits of defendant and thirteen others.  Three of these affiants testified in the main trial.  An analysis of the statements of two of these, who were witnesses for the state, indicates a lessening of certainty in their testimony as to the identification of the defendant; but the identification of the defendant was not based on their testimony alone.  The trend of the rest of the affiants is to prove an alibi for the defendant.  This defense was presented at the trial and was submitted to the jury.  The effect of the affiants is to seek to obtain a new trial on cumulative evidence that the defendant at, or about, the time of the burglary was at such a distant place that he could not have participated in it.  There was a lack of reasonable diligence on the part of the defendant in not producing these alibi wit-

nesses at the trial. *Cunningham v. State,* 56 Neb. 691; *Neal v. State,* 104 Neb. 56. Altogether the trial court was justified in refusing a new trial on the ground of newly discovered evidence.

For the reasons stated, we find no error in either case and conclude that the judgments of the district court should be affirmed.

AFFIRMED.