GEORGE O. HUCKETT V. STATE OF NEBRASKA.

FILED JUNE 5, 1931. No. 27771.

*Jack & Vette,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

This is a writ of error to the district court for Gage county. The plaintiff in error, George O. Huckett, hereafter called the defendant, was convicted of arson in two counts, one relating to the burning of the dwelling house in Wymore occupied by him as a tenant, being in violation of section 28-501, Comp. St. 1929, and the other count being brought under section 9591, Comp. St. 1922, now section 28-503, Comp. St. 1929, charging the burning of his household goods and personal property in said house, insured by the Travelers Insurance Company for $2,000. The defendant was found guilty and sentenced to the penitentiary for one to five years, but was admitted to bail pending hearing in this court, and assigns 53 alleged errors in his petition in error for reversal. As it is argued that the evidence is insufficient to sustain the verdict, it will be necessary to review the evidence at some length.

George O. Huckett, the defendant, testified in his own behalf that he was married at Alliance, Nebraska, May 15, 1927, and had lived in Alliance, Creston, Iowa, and Wymore, working for the Burlington. The trial in this case was begun upon October 7 and the jury returned a verdict of guilty upon October 10, 1930, and the evidence taken is set out in the bill of exceptions of 362 pages. The evidence discloses that J. W. Smith, agent for the Travelers Insurance Company, testified that the defendant submitted to him a list of household goods, and that he suggested that $2,000 would be about the right amount of insurance, which the defendant agreed to take, and paid

the premium thereon, and he said that when Mr. Huckett first moved to Wymore he had seen them unloading some of the furniture, and that from what he had seen at that time and the list submitted by the defendant he thought the furniture was worth insurance for $2,000. It is established that this is the first time the defendant ever had fire insurance upon his household goods and that the policy was taken out April 28, 1930, some 33 days before the fire occurred.

It is undisputed that the dwelling house, household goods and personal property were burned by fire of incendiary origin, which followed an explosion which wrecked the building, and occurred around 3 o'clock in the morning of June 1, 1930. A portion of an unburned mattress and some wearing apparel were found which had been soaked with kerosene or gasoline. The only question is whether the defendant is guilty of burning the property as charged. No witness testified that he saw the defendant at his house on the night of the fire, but at 6:00 p. m., May 31, the evening before the fire, the defendant rented a Ford coupé from the Standard Auto Exchange in Lincoln and at that time told the man at the garage that he was going to make a trip to York, Nebraska.

Charles Davis, who received the car at the Exchange when defendant returned it about 7:00 a. m. the morning after the fire, testified as follows: "Did he say where he had been? A. I made the remark to him, 'You made quite a little trip.' And he said, 'Yes; to Wymore and back.' "

After turning back the rented Ford, which had been driven 134 miles during the night, defendant took a Burlington train to Wymore.

L. J. Butcher, the assistant state fire marshal, interviewed the defendant on June 3, and the defendant said that he had been in Lincoln all night on May 31, partly on business and partly for his own amusement; but when he interviewed him again two days later he stated that he

had been to Omaha that night in the Ford car which he had rented in Lincoln, with a Miss Losey and a Miss Mann, and that the reason he had concealed this trip upon the first interview was because he did not want his wife to know that he had stepped out. These two ladies admitted, when interviewed by Mr. Butcher, that the defendant had asked them to testify that they had made such a trip to Omaha on the night in question, which was false, and later the defendant admitted he had made such a request of them, but then insisted that he had taken a lady from Lincoln to York on the night in question, and that he thought it would be easier for his wife if she thought that he had gone to Omaha in company with friends of hers. rather than gone to York with a strange woman. He told a number of other stories, all of which are utterly conflicting as to time and place.

Defendant's wife testified that she left home four days before the fire and was visiting in Ravenna, Nebraska, when notified that everything had been burned.

J. E. Mitchell testified that shortly before the fire whistle blew he saw a car going by his place in Wymore.

Claude Allington testified that he lives in Blue Springs at the intersection of the road going out of Wymore and along the west limits of the town of Blue Springs, and that he heard the fire whistle blow in Wymore and about five minutes after that, or less, he heard a car go north past his home and it was going real fast.

The defendant wanted the jury to believe that at the time of the fire he was probably en route between Lincoln and York with one Grace Clark, and offered an instruction, which was refused, to the effect that, if the jury believed that the defendant was in fact in York or on the road between Lincoln and York at the time of the fire, then the jury must return a verdict of not guilty.

1, 2. With this statement of the facts, we will now consider the questions of law in dispute.

The court gave 24 instructions, and instruction No. 21

reads as follows: "You are instructed that throughout these instructions, in each and every instance, wherever the words 'if you find from the evidence,' or words of like import are used, those words mean 'if you find from the evidence beyond a reasonable doubt,' and you should so take and construe them."

Defendant claims that this instruction, while apparently harmless of itself, has wrought havoc with the rights of the plaintiff in error when applied to other instructions, and cites a portion of instruction No. 12, which would make that part of instruction No. 12 read as follows: "The court further instructs the jury that if they believe from the evidence that, at the time the fire occurred, as set out in counts 1 and 2 of the information in this case, and at the time the crimes were alleged to have been committed by defendant, the defendant, George O. Huckett, was not in Gage county, Nebraska, as testified to by said defendant and some of defendant's witnesses, and was not present at the scene of the fire, as charged in counts 1 and 2 of the information, at the time the crimes charged were alleged to have been committed, then you must acquit the defendant."

Defendant insists that the instruction, when considered with instruction No. 21, requires the jury to insert the words "beyond a reasonable doubt" after the word "evidence" and thereby shifts the burden of proof of this defense of alibi to the defendant, as it requires the defendant to prove his defense beyond a reasonable doubt. The burden of proving an alibi does not rest with the defendant in a criminal case and it is error to so instruct.

The court, however, did not stop instruction No. 12 with the paragraph quoted, but the last paragraph in that same instruction reads as follows: "The jury are further instructed that, as a matter of law, if they entertain any reasonable doubt, after a careful and candid consideration of all the evidence in the case, whether the said George O. Huckett was present at the time the crimes charged were

alleged to have been committed, or was at another place at said time, then it is a rule of law, inflexible in its operation, that the jury must give the benefit of the doubt to the defendant and render a verdict of acquittal."

This instruction on alibi is very long, but in our opinion, if read carefully in its entirety, it left with the jurors the command that, if they entertained any reasonable doubt of defendant's presence at the place of the fire, they should render a verdict of acquittal.

We believe the ordinary juror would understand that the trial court intended to instruct them by instruction No. 21 that throughout the instructions pertinent to the state's case they should clearly understand that the state's evidence must be proved beyond a reasonable doubt, and that in considering the only defense interposed, of an alibi, if the evidence on that point left a doubt in their minds the defendant should be acquitted.

In a prosecution for arson, when the defense relied upon is an alibi, and defendant insists that the court required this defense to be proved beyond a reasonable doubt, which would be error, it is held that, when the objectionable instruction is susceptible of two constructions, it will be presumed that the jury were not misled, but considered it in that light in which it stated the law correctly, for the record does not show prejudice to the defendant. *Heyen v. State*, 114 Neb. 783; 17 C. J. 225; *Davis v. State*, 25 Ohio St. 369; *State v. Summers*, 173 N. Car. 775; *White v. State*, 153 Ind. 689; *Browne v. State*, 115 Neb. 225.

There is not entire harmony in the decisions as to the degree of proof of an alibi which must be produced in order to entitle a defendant to an acquittal. *State v. Hardin & Henry*, 46 Ia. 623, 26 Am. Rep. 174.

In *State v. McGarry*, 111 Ia. 709, the case was reversed because the court instructed that the defense of alibi is not a defense but a fact shown in rebuttal of the state's evidence; and when the evidence is all in, the primary

question is, is the defendant guilty beyond a reasonable doubt? He has met that condition when he has succeeded in raising in the minds of the jurors a reasonable doubt as to whether or not he was at the place of the crime when it was committed. 2 Thompson, Trials, sec. 2436; *State v. Thornton,* 10 S. Dak. 349; *Fountain v. State,* 135 Md. 77, 5 A. L. R. 908.

The defense of alibi arises when there is evidence that the accused was at a point where he could not have been guilty of participating in the offense. *Funk v. State,* 84 Tex. Cr. Rep. 402; *Colbeck v. United States,* 10 Fed. (2d) 401.

The term "alibi" applies particularly to a claim that the defendant was elsewhere when the crime was committed. To prove it, the defendant offers evidence that, because of the place at which he was at the time of the commission of the crime, there arises in the minds of the jurors at least a reasonable doubt that he committed the crime.

There was abundant circumstantial evidence to show a motive for burning the property, and the many conflicting stories told by the defendant probably caused the jury to doubt the evidence he gave on the trial as to his whereabouts at the time the fire occurred.

There appears to be no reversible error and the judgment and sentence of the trial court is

AFFIRMED.