GEORGE F. PIERCY V. STATE OF NEBRASKA.

FILED MARCH 21, 1941.  No. 30883.

*Arthur E. Perry, Perry, Van Pelt & Marti* and *J. W. Boyd,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Rush C. Clarke, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

PAINE, J.

In the decision heretofore rendered in this case, *ante,* p. 301, 293 N. W. 99, a sworn statement of the deceased, set out in full in the opinion, was held to be a dying declaration and, as such, admissible in evidence. Defendant, by motion for rehearing, assailed the holding, contending that the statement did not meet the requirements of a dying declaration, that it was not admissible, and that its submission to the jury constituted prejudicial error. A reargument was granted.

An examination of the record clearly reveals that the deceased, some hours prior to making the statement in question, had related the story of her trouble to her father, mother and brother. These oral statements, more in detail than the written declaration, had been testified to by the father and mother without objection, and cross-examination had before the written statement was produced and received in evidence. Subsequent thereto, the story, in part, was related by the brother without objection.

Section 29-2308, Comp. St. 1929, provides: "No judgment

shall be set aside, or new trial granted, or judgment rendered, in any criminal case on the grounds of misdirection of the jury, or the improper admission, or rejection of evidence, or for error as to any matter of pleading or procedure, if the supreme court, after an examination of the entire cause, shall consider that no substantial miscarriage of justice has actually occurred." See *Cooper v. State*, 120 Neb. 598, 234 N. W. 406; *Makin v. Attorney General for New South Wales*, 17 Cox Crim. Cas. 704; *Allen v. The King*, 44 Can. S. Ct. Rep. 331.

Upon a reconsideration of the entire record, we are of the opinion that it was not necessary to determine whether or not the written statement was a dying declaration, or admissible as such. If we should assume that its admission was error, our consideration is not terminated. Before the error requires a reversal, it must be determined that it was prejudicial to the rights of the defendant, and that as a result a substantial miscarriage of justice occurred. The statements of the deceased, as related by the mother, father and brother, to the jury without objection detailed all the substantial facts of the written statement, to which objection is made. The written statement added nothing to the story recited by the witnesses. It appears to us that the story as related by the witnesses must have been more impressive than the written statement, and that the effect upon the minds of the jurors would have been the same had the written statement not been produced. The written statement was merely cumulative of testimony already given. It follows that, even if erroneous, its admission in evidence must be disregarded on appeal as not prejudicial to the rights of the defendant. See *People v. Sprague*, 217 N. Y. 373, 111 N. E. 1077; *Lamb v. State*, 40 Neb. 312, 58 N. W. 963; *Ainlay v. State*, 89 Neb. 721, 132 N. W. 120; *Watson v. State*, 109 Neb. 43, 189 N. W. 620; *Mathews v. State*, 111 Neb. 593, 197 N. W. 602; *Townsend v. United States*, 106 Fed. (2d) 273.

The jury in the case at bar declared in their verdict that they found the defendant not guilty of causing the death

of Pauline Killough, as charged in the first count of the information, but did find him guilty of causing the death of a vitalized embryo, or fœtus, as charged in the second count of said information. The penalty for such crime shall be not less than one nor more than ten years in the penitentiary. Considering the age of the defendant, and other facts shown by the bill of exceptions, and considering section 29-2308, Comp. St. 1929, which provides that this court may reduce the sentence when in its opinion the sentence is excessive, the court has decided to modify the sentence. *Lorimer v. State,* 127 Neb. 758, 257 N. W. 217; *Greenough v. State,* 136 Neb. 20, 284 N. W. 740; 18 Neb. Law Bulletin, 300.

That part of the holding in the previous opinion that the written statement was a dying declaration, and was admissible as such in the case at bar, is withdrawn and no holding made with reference thereto, and, as so modified, we adhere to the former opinion and judgment of affirmance, with a reduction of sentence to the minimum allowed by law of one year.

FORMER OPINIÓN MODIFIED: SENTENCE REDUCED.