State of Nebraska, appellee, v. Anthony C. Liberator, appellant.

251 N. W. 2d 709

Filed March 9, 1977. No. 40953.

Mac H. McConnell of Kirby, Duggan & McConnell, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before White, C. J., Spencer, Boslaugh, McCown, Clinton, Brodkey, and White, JJ.

White, C. J.

The defendant was charged with delivery of a controlled substance, to wit, marijuana. The defendant was tried by a jury and found guilty. The District Court sentenced the defendant to 2 years' imprisonment in the Nebraska Penal and Correctional Complex. The defendant appeals. We affirm the judgment and sentence of the District Court.

On appeal the defendant contends that there was in-

sufficient evidence to establish the element of venue. Venue is a jurisdictional fact and in this state the Constitution of Nebraska, Article I, section 11, and statute, section 29-1301, R. R. S. 1943, give the defendant in a criminal prosecution the right to be tried by an impartial jury in the county where the alleged offense was committed. Robeen v. State, 144 Neb. 910, 15 N. W. 2d 69 (1944).

In Gates v. State, 160 Neb. 722, 71 N. W. 2d 460 (1955), we held: " 'The venue of an offense may be proven like any other fact in a criminal case. It need not be established by direct testimony, nor in the words of the information, but if from the facts in evidence the only rational conclusion which can be drawn is that the crime was committed in the county alleged, the proof is sufficient.' Weinecke v. State, 34 Neb. 14, 51 N. W. 307. See, also, Medley v. State, 156 Neb. 25, 54 N. W. 2d 233."

Officer James A. Fosmer testified at the defendant's trial that the illegal drug transaction occurred in the east parking lot of the Holiday Inn in Norfolk, Nebraska. It is presumed that the trial court as well as the jury knew the boundaries of the county where the trial took place and knew that the town of Norfolk was located in such county. See Gates v. State, *supra*. There was sufficient evidence of venue. There is no merit to this contention.

The defendant next argues that his sentence is excessive. He contends that he should have received probation. The presentence report shows that the defendant has no prior criminal convictions, but does have a history of numerous traffic violations.

In State v. Holzapfel, 192 Neb. 672, 223 N. W. 2d 670 (1974), we said: "The action of a trial court in denying probation and imposing a sentence in a criminal prosecution will not be disturbed on appeal unless the record shows an abuse of discretion."

In State v. Swails, 195 Neb. 406, 238 N. W. 2d 246

(1976), we recognized that: "Inevitably there are cases in which the decision to grant or not to grant probation is one of delicate balance and in those cases the judicial discretion of the trial court should be accorded great weight."

Based upon our review of the record, we find no abuse of discretion by the trial court in not granting the defendant probation.

The defendant received a sentence of 2 years' imprisonment. The crime for which he was convicted carries a penalty of 1 to 5 years' imprisonment plus a possible fine. § 28-4,125 (2)(b), R. R. S. 1943. The sentence imposed by the District Court was within the statutory limits and as such will not be disturbed on appeal absent an abuse of discretion. State v. Holloman, *ante* p. 139, 248 N. W. 2d 15 (1976). We find no abuse of discretion in this sentence.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.