STATE OF NEBRASKA, APPELLEE, V. ROGER E. METZGER, APPELLANT.

256 N. W. 2d 691

Filed August 10, 1977.  No. 41202.

Tye, Worlock, Tye, Jacobsen & Orr and Patrick J. Nelson, for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

Defendant was charged with forgery. The case was tried to a jury and a guilty verdict returned. The District Court sentenced the defendant to a term of 1 year in the Nebraska Penal and Correctional Complex. Defendant filed a motion for a new trial, which was overruled, and now appeals. We affirm the judgment and sentence of the District Court.

Defendant first contends on appeal that the State failed to prove beyond a reasonable doubt every material element of the crime charged. Specifically, defendant argues that there was no evidence to support a finding, beyond a reasonable doubt, that the offense was committed on September 16, 1974. Both the information and the complaint alleged that the defendant committed the offense "on or about" September 16, 1974.

In State v. Armstead, 283 S. W. 2d 577 (Mo., 1955), the court stated: " * * * the words 'on or about' do not put the time at large, but indicate that it is stated with approximate certainty * * *. [T]he phrase is used in reciting the date of an occurrence to escape the necessity of being bound by an exact date and means 'approximately,' 'about,' 'without substantial variance from,' 'near.' " See, also, 67 C. J. S., On; Upon, p. 496; 29A Words and Phrases, On, In, or About, p. 257; State v. Guillot, 200 La. 935, 9 So. 2d 235 (1942).

The record shows that the check in question, No. 2293, was dated September 16, 1974. The Phelps County court checkbook contained a missing check stub preceded by and followed by checks unquestionably authorized and dated September 16, 1974. The check in question was deposited October 3, 1974. There was sufficient evidence for the jury to conclude that the offense was committed by the de-

fendant on or about September 16, 1974, as charged. There is no merit to this contention.

Defendant next contends that the State failed to establish venue. In State v. Liberator, 197 Neb. 857, 251 N. W. 2d 709 (1977), we said: "The venue of an offense may be proven like any other fact in a criminal case. It need not be established by direct testimony, nor in the words of the information, but if from the facts in evidence the only rational conclusion which can be drawn is that the crime was committed in the county alleged, the proof is sufficient."

The check in question originated in the checkbook of the Phelps County court. Jeanne Ortegren, clerk of the county court of Phelps County for approximately 5 years beginning in May 1971, testified that the unissued checks of the Phelps County court were kept in her desk at the Phelps County courthouse, and that defendant had constant access to the checks. This was sufficient evidence for the jury to conclude that the offense was committed in Phelps County.

Defendant's last contention is that the District Court erred in allowing in evidence concerning shortages in the account of the Harlan County court which involved defendant.

Defendant was charged with forgery in violation of section 28-601, R. R. S. 1943. The State was required to prove that the defendant falsely made, altered, counterfeited, printed, or photographed a check with intent to defraud. A specific intent is an essential element of the offense. Section 27-404 (2), R. R. S. 1943, of the Nebraska Rules of Evidence, provides: "Evidence of other crimes, wrongs, or acts * * * may * * * be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See, also, Yost v. State, 149 Neb. 584, 31 N. W. 2d 538 (1948).

Defendant argues that even though this evidence

may have been relevant, it was highly prejudicial and should have been excluded. It was within the discretion of the District Court to ascertain the relevancy of the evidence, its potential prejudicial effect, and to then determine whether such evidence should be admitted. The District Court's determination to admit this evidence cannot be said to be an abuse of discretion. See, State v. Ray, 191 Neb. 702, 217 N. W. 2d 176 (1974); State v. Garrett, 191 Neb. 439, 216 N. W. 2d 170 (1974).

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.