**GRAND PRAIRIE INDEPENDENT SCHOOL DISTRICT and Grand Prairie Board of School Trustees, Petitioners,**

v.

**Joe E. VAUGHAN, Respondent.**

No. C–9621.

Supreme Court of Texas.

June 20, 1990.

Martha C. Wright, Grand Prairie, for petitioners.

Steven J. Williams, Irving, for respondent.

PER CURIAM.

This is a summary judgment case. In May 1986, Joe E. Vaughan entered into a contract for a teaching position for the 1986–87 school year with Grand Prairie Independent School District that required him to file with the Personnel Director all certificates mandated under state law "either before the opening of school if appropriate and/or before the first payroll check is issued." The contract further provided that failure to file these certificates within the prescribed time period would render the contract void. Under state law, Vaughan was required to file a certificate showing he had passed the Texas Examination of Current Administrators and Teachers (TECAT). Having failed the TECAT twice prior to the beginning of the school year, Vaughan was unable to provide this certificate. The District notified Vaughan he would not be hired due to his failure to provide the required certification. Approximately six weeks after school opened, Vaughan informed the District he had passed the TECAT and requested his prior teaching position. The District, having filled the position, declined his request.

Vaughan then filed suit for breach of contract.

At trial, the District filed a motion for summary judgment on the ground that the contract was void because Vaughan failed to file his TECAT certificate prior to the opening of school or before the first payroll check was issued. The District proffered, as its only summary judgment proof, the affidavit of Don Pennock stating:

I am the Assistant Superintendent in charge of Personnel for the Grand Prairie Independent School District and was so employed at the time the incidents upon which this lawsuit is based occurred.... [S]chool opened for students on Sept. 2, 1986. The first payroll check was issued on or about Sept. 26, 1986.... I know that Joe Vaughan failed to provide the District with a valid teaching contract prior to the beginning of the 1986–87 school year.... I further know that, on or about Oct. 20, 1986, more than 6 weeks after the beginning of the 1986–87 school year, Vaughan informed the District that he had passed the TECAT exam. I further have knowledge that, prior to being told on Oct. 20, 1986 Mr. Vaughan had passed the exam, the District, through myself as director of personnel, [was forced to hire a replacement for Vaughan].

The trial court granted the District's motion for summary judgment. The court of appeals, however, reversed the trial court's judgment and remanded the cause for trial. 784 S.W.2d 474. The court of appeals concluded that the District failed to meet its summary judgment burden as a matter of law because: (1) the affidavit did not affirmatively show that Pennock had personal knowledge and was competent to testify as to when the first paycheck was issued; and (2) the terms "on or about Sept. 26" created a question of fact as to whether Vaughan submitted his TECAT certificate before the first paycheck was issued.

It is clear from reading the entire affidavit that Pennock was testifying from personal knowledge and was competent to testify regarding the matters stated. Even if these elements were not shown on the face of the affidavit, Vaughan's failure to object to these defects in form resulted in waiver. *See* Tex.R.Civ.P. 166a(e); *General Production Co. v. Black Coral Inv.*, 715 S.W.2d 121, 122–23 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The affidavit also makes clear that the first day of school was September 2; that the first paycheck was issued on or about September 26; and that Vaughan submitted his TECAT certificate on October 20. Vaughan never raised an issue over the specific dates set out in the affidavit. The term "on or about" means a date of approximate certainty, with a possible variance of a few days. *See* Black's Law Dictionary 564 (5th ed.1979); *see also State v. Metzger*, 199 Neb. 186, 256 N.W.2d 691, 692 (1977). We hold that Pennock's affidavit, by alleging that the first paycheck was issued on or about September 26 and that Vaughan filed his TECAT certificate on October 20, conclusively established that Vaughan failed to submit his credentials within the time allotted in the contract. Accordingly, the District was entitled to summary judgment. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex.1979).

The court of appeals' decision conflicts with Tex.R.Civ.P. 166a(e) and our decision in *Clear Creek*. Without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and affirms that of the trial court. *See* Tex.R. App.P. 133(b).