Affirmed in Part and Reversed and Remanded in Part and Memorandum
Opinion filed July 27, 2004









Affirmed in Part and Reversed and Remanded in Part and
Memorandum Opinion filed July 27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00400-CV

____________

 

PETERSON
HOMEBUILDERS, INC., Appellant

 

V.

 

JOHNNY H.
TIMMONS, SR. D/B/A BAY SERVICES COMPANY, Appellee

_______________________________________________________

 

On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 00-65218A

_______________________________________________________

 

M E M O R A N D U M   O P I N I O N








At issue in this summary-judgment
case is the viability of a homebuilder=s
conditional third-party claims against a subcontractor in a suit brought by
home buyers against the homebuilder for alleged defective construction and
workmanship.  The homebuilder, while
denying liability and insisting that its work and the work of its
subcontractors was performed properly, joined its subcontractors as third-party
defendants and asserted conditional claims against them.  The trial court entered summary judgment
dismissing all of the homebuilder=s third-party
claims against one of the subcontractors. As to the homebuilder=s
third-party claims for breach of contract, breach of implied warranty, and
contribution and as to the subcontractor=s status
as a responsible third party, we sever, reverse, and remand for further
proceedings consistent with this opinion. 
We affirm the remainder of the trial court=s judgment.

I.  Factual and
Procedural Background

The plaintiffs, David and Janice
Rainwater, hired the defendant/appellant, Peterson Homebuilders, Inc.
(hereinafter APeterson@), to
build a house in Houston.  More than two
years after moving into the house, the Rainwaters claim to have noticed various
alleged defects in the house.  Based on
these defects, the Rainwaters filed suit against Peterson, alleging Peterson
failed to construct, structure, grade, and site the foundation of the
Rainwaters= house properly to prevent runoff
water from harming the foundation, flooring, and structure of the house.  The Rainwaters alleged claims for various
violations of the Texas Deceptive Trade PracticesBConsumer
Protection Act, negligent misrepresentations, and negligence. 








The Rainwaters sued only
Peterson; however, Peterson filed a third-party petition against various
parties, including third-party defendant/appellee Johnny H. Timmons, Sr. d/b/a
Bay Services Company (hereinafter ATimmons@), one of
Peterson=s
subcontractors on the building project in question.  In its third-party petition, Peterson denies
that it in any way caused or contributed to the damages complained of by the
Rainwaters; however, Peterson asserts that, in the unlikely event that it is
held liable to the Rainwaters, then it would be entitled to contribution[1]
and indemnity against Timmons and others. 
Peterson alleges that Timmons may be in breach of contract with
Peterson, may be in breach of express and implied warranties made to Peterson,
and may owe Peterson contractual indemnity and indemnity under Chapter 82 of
the Texas Civil Practice and Remedies Code. 
Peterson also alleges Timmons may be a responsible third party under
Chapter 33 of the Texas Civil Practice and Remedies Code and that Peterson is
entitled to seek a reduction for any percentage of responsibility attributable
to Timmons.

Timmons filed a motion seeking
both a traditional and a no-evidence summary judgment.  In his motion, Timmons asserted the following
grounds:

(1)       Timmons is entitled to judgment as a
matter of law dismissing Peterson=s third-party petition
against it based on Darwin Peterson=s expert testimony that he
inspected Timmons=s work on the Rainwaters= house and that this work
was done in a good and workmanlike manner.

(2)       As a matter of law, Chapter 82 of the
Texas Civil Practice and Remedies Code does not apply to provide Peterson with
an indemnity claim.

(3)       As to Peterson=s breach-of-contract claim
against Timmons, there is no evidence of breach of contract.

(4)       As to Peterson=s
breach-of-implied-warranty claim against Timmons, there is no evidence Timmons
breached his implied warranty of good and workmanlike service.

(5)       As to Peterson=s
breach-of-express-warranty claim against Timmons, there is no evidence Timmons
made any express warranty to Peterson. 

(6)       As to Peterson=s contractual-indemnity
claim, there is no evidence of any contract of indemnity between Peterson and
Timmons.

(7)       As to Peterson=s contribution claims,
there is no evidence Timmons contributed to the Rainwaters= damages.

Timmons submitted uncontroverted
summary-judgment evidence proving, among other things, that the contract
between Timmons and Peterson was oral, not written, and that Peterson had hired
Timmons to provide the following services as subcontractor on the building
project in question: (1) clear the lot of all trees within the building
envelope, (2) strip the vegetation at the building site, (3) build a structural
pad for the foundation, (4)  rough grade
the lot after the foundation was poured, and (5) perform a final grade of the
lot after the exterior of the house was complete in preparation for the
landscaping work.  








In its response to Timmons=s motion
for summary judgment, Peterson stated that it denies that any act or omission
of Peterson or its subcontractors caused construction defects and damages to
the Rainwaters= house.  Peterson stated that, because the Rainwaters
are alleging that defects in the foundation and the grade of the construction
site caused their damages, Peterson joined Timmons as a third-party
contribution defendant.  Peterson
asserted that the trial court should grant Peterson=s own
motion for summary judgment that it had filed and that the trial court should
dismiss the Rainwaters=
claims.  

Peterson later supplemented its
summary-judgment response to include a supplemental response filed by the
Rainwaters in opposition to Peterson=s motion
for summary judgment.  This supplement
contained an expert report and affidavits from two of the Rainwaters= experts.

The trial court granted Timmons=s motion
for summary judgment without specifying the grounds and severed Peterson=s
third-party claims against Timmons to make the judgment final.  

                                                        II. Issues Presented

Peterson asserts the following
issues for appellate review:

(1)       Did the trial court err in granting
Timmons=s no-evidence motion for
summary judgment as to Peterson=s breach-of-contract claim because Peterson raised
a genuine issue of material fact?

(2)       Did the trial court err in granting
Timmons=s no-evidence motion for
summary judgment as to Peterson=s breach-of-implied-warranty claim?

(3)       Did the trial court err in granting
Timmons=s motion for summary
judgment as to Peterson=s contribution and
indemnity claims?

(4)       Did the trial court err in granting summary judgment
dismissing Peterson=s joinder
of Timmons as a responsible third party under Chapter 33 of the Texas Civil
Practice and Remedies Code?








III.  Standards of Review

In reviewing
a traditional motion for summary judgment, we take as true all evidence
favorable to the non-movant, and we make all reasonable inferences in the
non-movant=s favor.  Dolcefino v. Randolph, 19 S.W.3d 906, 916
(Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  If the movant=s motion
and summary-judgment evidence facially establish its right to judgment as a
matter of law, the burden shifts to the non-movant to raise a genuine, material
fact issue sufficient to defeat summary judgment.  Id. 

In reviewing a no-evidence motion
for summary judgment, we ascertain whether the non-movant produced any evidence
of probative force to raise a genuine issue of fact as to the essential
elements attacked in the no-evidence motion.  Id. 
We take as true all evidence favorable to the non-movant, and we make
all reasonable inferences therefrom in the non-movant=s
favor.  Id.  A no-evidence motion for summary judgment
must be granted if the party opposing the motion does not respond with
competent summary-judgment evidence that raises a genuine issue of material
fact.  Id. at 917

IV.  Issues and
Analysis

A.        Is there a genuine issue of material
fact as to whether Timmons contributed to the Rainwaters= alleged damages?

 








The main issue on appeal is
whether the trial court correctly granted summary judgment based on Timmons=s
assertion that there is no evidence that any act or omission by Timmons
contributed to the Rainwaters= alleged
damages.  The Rainwaters asserted that
there were defects in the foundation and grading from the original construction
of the house that caused their damages. 
A principal of Peterson, Darwin Peterson, testified at his deposition
that Timmons had performed his work properly. 
Moreover, Peterson maintained in the trial court that neither Peterson
nor Timmons caused any of the Rainwaters= alleged
damages.  However,  Darwin Peterson=s
statements that Timmons did his job in a good and workmanlike manner and
Peterson=s
steadfast position in the trial court that Timmons did not cause the Rainwaters= damages
do not preclude Peterson from asserting, in the alternative, that Timmons
contributed to the Rainwaters= alleged
damages.  Peterson=s primary
position was that its motion for summary judgment should be granted and the
Rainwaters= claims should be dismissed.  However, as long as the Rainwaters= claims
remained pending, Peterson asserted its conditional third-party claims against
Timmons.  Therefore, we must examine the
summary-judgment evidence to determine whether, taking as true all evidence and
reasonable inferences favorable to Peterson, Peterson produced any evidence of
probative force to raise a genuine issue of fact as to whether Timmons
contributed to the Rainwaters= alleged
damages.  

Peterson produced an affidavit of
David Eastwood, an engineer with Geotech Engineering and Testing hired by the
Rainwaters to conduct tests on the foundation of their house. In his affidavit,
Eastwood stated:

I am the Principal
Engineer with Geotech Engineering and Testing and have been employed with them
for eighteen years.

. . .

I ran multiple tests on
the residence, including soil borings, concrete borings, and core samples of
the slab itself to evaluate the sufficiency and efficiency of the structure,
the slab, and the consistency of the pad itself.  

. . .

Based on the information
we have developed up until this point, I am confident to say that the design of
the foundation, the construction of the foundation, and the materials used in
forming the foundation were inadequate and, in all probability, have caused the
movement which the Rainwater=s residence has experienced. . . .

Specific items which have
caused and/or contributed to the foundation movement which we have found thus
far include:

1.         An incorrect soil report on which the
foundation was based;

2.         Inadequate grade beam thickness on two
(2) of the four (4) beams tested:








3.         A Coke bottle, a chunk of concrete, and
other debris found in the fills next to the slab.  Debris should not have been used as fills.

4.         Improper silty sand materials mixed
with fat clay soils used as fills under the slab, which allow water to seep
through these materials causing these expansive soils to swell and result in
the distress noted; and 

5.         Poor grading conditions found around
the residence which contribute to the overall distress of the foundation.

Clearly these factors have
contributed to the stress and overall condition of the Rainwater=s [sic] foundation. . . 

 








Peterson also produced an
affidavit from Stephen Tien, a project manager with Geotech Engineering and
Testing, as well as an expert report that contained substantially similar
statements.[2]  The expert report also contained the results
of various tests that had been performed by Geotech Engineering and
Testing.  On appeal, Timmons correctly
points out that this summary-judgment evidence does not specifically refer to
Timmons=s
work.  Nonetheless, we conclude that
Peterson produced some evidence showing the Rainwaters= alleged
damages were caused by alleged improper construction of the house=s
foundation and poor grading conditions. Though the alleged poor grading
conditions around the house arguably might also have been caused by other
contractors after the house was constructed, Timmons performed the original
grading work.  Furthermore, Timmons
prepared the site before the foundation was poured, and this evidence states
that use of improper materials under the foundation was a cause of the
Rainwaters= damages.  Although Peterson=s
summary-judgment evidence does not specifically refer to Timmons=s work,
it refers in part to work that, according to Darwin Peterson=s
deposition testimony,[3]
was performed by Timmons.  We find that
there is a reasonable inference from this evidence that Timmons=s
performance of his work contributed to the Rainwaters= alleged
damages.  Under the applicable standard
of review, we conclude that Peterson responded with summary-judgment evidence
that raises a genuine issue of material fact on this issue.  Because of this fact issue, the trial court
erred in granting summary judgment as to Peterson=s
breach-of-contract, breach of implied-warranty, and contribution claims. For
the same reason, the trial court also erred in dismissing Timmons from the case
despite Peterson=s
assertion that Timmons is a responsible third party under chapter 33 of the
Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem Code ' 33.004
(Vernon 1997).[4]  Accordingly, we sustain Peterson=s first,
second, and fourth issues, as well as its third issue as to the contribution
claims.  See Longoria v. Graham,
44 S.W.3d 671, 673B76 (Tex.
App.CHouston
[14th Dist.] 2001, no pet.) (reversing no-evidence summary judgment and finding
genuine issue of material fact as to causation).

B.               
Did the trial court err in granting summary judgment in favor of
Timmons on Peterson=s indemnity claim under Chapter 82 of the Texas
Civil Practice and Remedies Code?

 








Peterson also asserts the trial
court erred in granting summary judgment as to its indemnity claim against
Timmons under Chapter 82 of the Texas Civil Practice and Remedies Code because
there is a genuine issue of material fact as to whether that chapter applies to
the facts of this case.  We
disagree.  The undisputed
summary-judgment evidence shows that Timmons provided certain services relating
to the construction of the Rainwaters= house,
including building a structural pad for the foundation.  Peterson asserts it raised a fact issue as to
whether Timmons owes indemnity under section 82.002 of the Civil Practice and
Remedies Code as a manufacturer of this structural pad.  Presuming for the sake of argument that this
pad is a product, as asserted by Peterson, the summary-judgment evidence
conclusively proved that Timmons did not place this structural pad in the
stream of commerce, as required by Chapter 82.  See Tex.
Civ. Prac. & Rem. Code ' 82.001
(defining Amanufacturer@ as Aa person
who is a designer, formulator, constructor, rebuilder, fabricator, producer,
compounder, processor, or assembler of any product or any component part
thereof and who places the product or any component part thereof in the stream
of commerce@); Barham v. Turner Constr.
Co. of Tex., 803 S.W.2d 731, 737B38 (Tex.
App.CDallas
1990, writ denied) (holding products liability law did not apply to general
contractor who allegedly placed a defective column into the stream of commerce
during construction of office building, because, as a matter of law, contractor
did not place the column in the stream of commerce and was not in the business
of selling such columns); Becker v. Tessitore, 812 A.2d 369, 380 (N.J.
Ct. App. 2002) (holding that, for products-liability purposes, a product is
released into the Astream of
commerce@ when A>the
product itself is presently and physically sold, leased or its possession
exchanged=@)
(quoting Woods v. Luertzing Corp., 400 A.2d 562, 566 (N.J. Sup. Ct.
1979)).  Accordingly, the trial court
correctly granted Timmons=s motion
for summary judgment as to Peterson=s
indemnity claim under Chapter 82 of the Texas Civil Practice and Remedies Code.

V.  Conclusion








Because there is a genuine issue of material fact
as to whether Timmons contributed to the Rainwaters= alleged
damages, the trial court erred in granting summary judgment as to Peterson=s claims
for breach of contract, breach of implied warranty, contribution, and as to
Timmons=s status
as a responsible third party.  However,
because the summary-judgment evidence conclusively proved that Timmons did not
place the structural pad in the stream of commerce, the trial court correctly
granted summary judgment as to Peterson=s
indemnity claim under Chapter 82 of the Texas Civil Practice and Remedies Code.[5]  We sustain Peterson=s first,
second, and fourth issues.  We sustain
Peterson=s third
issue as to its contribution claims and overrule the remainder that issue.  Accordingly, as to Peterson=s claims
for breach of contract, breach of implied warranty, and contribution and as to
Timmons=s status
as a responsible third party, we sever, reverse the trial court=s
judgment, and remand for further proceedings consistent with this opinion.  We affirm the remainder of the trial court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed July 27, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

 

 











[1]  Peterson
alleges entitlement to contribution under Chapter 32 and 33 of the Texas Civil
Practice and Remedies Code.





[2]  Timmons
asserts the two affidavits are invalid and insufficient to raise a fact issue
because they do not state that the facts set forth therein are true and correct
and based on the affiant=s personal knowledge. 
Timmons does not cite, and we have not found, any place in the record
where Timmons objected on this basis in the trial court or any order ruling on
such an objection.  Therefore, Timmons
has waived this objection.  See Grand
Prairie Indep. Sch. Dist. v. Vaughn, 792 S.W.2d 944, 945 (Tex. 1990)
(stating objection based on affidavit=s
failure to explicitly state that it was based on personal knowledge and that
witness was competent was waived by failure to object in the trial court); Youngblood
v. U.S. Silica Co., 130 S.W.3d 461, 468B69 (Tex.
App.CTexarkana 2004, pet. filed) (holding objection based
on affidavit=s failure to explicitly state that statements therein
were Atrue and correct@ and
within affiant=s personal knowledge was waived by failure to object
and obtain ruling in the trial court).





[3]  Deposition
excerpts containing this testimony were part of Timmons=s summary-judgment evidence.





[4]  The
Legislature has amended section 33.004 and other sections of Chapter 33 of the
Texas Civil Practice and Remedies Code.  See
Act of June 2, 2003, 78th Leg., R.S., ch. 204, art. 4, '' 4.01B4.12, 2003 Tex. Gen. Laws 847, 855B59.  However,
these amendments apply only to suits filed on or after July 1, 2003, and,
therefore, do not apply to this suit.  See
id., art. 23, ' 23.02(c), 2003 Tex. Gen. Laws at 899.

 

 





[5]  On appeal,
Peterson does not challenge the trial court=s
dismissal of Peterson=s claims against Timmons for breach of express
warranty and for contractual indemnity.