Affirmed and Memorandum Opinion filed December 30, 2004









Affirmed and Memorandum Opinion
filed December 30, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00826-CV

____________

 

VICTOR CANCHOLA AND CINDY CANCHOLA, Appellants

 

V.

 

EILEEN WHITE, REMAX WESTSIDE, AND 

FIDELITY INSPECTION SERVICES, Appellees

_________________________________________________________

 

On Appeal from the 155th District Court

Austin County, Texas

Trial Court Cause No. 98V-051

_________________________________________________________

 

M E M O R A N D U M   O P I N I O N

In this
appeal, we must determine whether the trial court properly granted summary
judgment dismissing the claims of the buyers of a home against the seller, the
seller=s listing
agent, and the buyers= home
inspector.  We affirm the trial court=s
judgment.








I.  Factual and
Procedural Background

Appellants/plaintiffs
Victor and Cindy Canchola hired Stromatt & Associates, Inc. (AStromatt@) to
assist them in purchasing a house located at 110 Heritage Trail, Bellville,
Austin County, Texas, from Eileen White. 
The listing agent, appellee/defendant Houston Shelter Corporation d/b/a
ReMAX Westside (ARemax@),
indicated that there was a pending offer to purchase the house.  The Cancholas asked Stromatt to act on their
behalf in obtaining a contract to purchase the house from White.  Stromatt hired appellee/defendant Paul Kelly
d/b/a Fidelity Inspection Services (AKelly@) to
inspect the property.  Kelly=s April
27, 1996 inspection report indicated the following with regard to the roof of
the house: (1) areas of missing dry pack cement that needed to be repaired; (2)
no active roof leaks at the time; and (3) evidence of previous water
penetration.  

According
to the deposition of David Stromatt, White told Victor Canchola and him that
when she bought the house in 1988, she and her husband were aware that the roof
had been installed improperly.  To remedy
this situation, within a year of buying the house in 1988, the Whites had all
of the concrete roof tiles removed, some broken shingles replaced, and new
shingles re-installed properly using felt paper and copper flashings.  

At the
August 1996 closing, White delivered a Seller=s
Disclosure Notice to the Cancholas.  The
notice indicated that the roof had been repaired by installing copper flashing,
but did not indicate that the roof had any defects from being installed
improperly. 

The
Cancholas filed suit against White, Remax, Stromatt, and Kelly.  In their amended petition, the Cancholas
alleged, among other things:

(1)       The Cancholas relied to their detriment on false, misleading,
and deceptive representations made by White.

(2)       White, Remax, Stromatt, and Kelly knew and were aware that the
roof of the subject property had been in need of repair for some time.








(3)       The roof was defective because it was installed improperly
without using roofing felt, as disclosed in an inspection of the roof made at
the request of White and her husband on October 8, 1988.  

(4)       Kelly was negligent in conducting his inspection of the house
for the Cancholas.

(5)       Stromatt was acting on behalf of the Cancholas under a power
of attorney.

(6)       The roof of the house leaked to such an
extent that the house was continually subjected to ceiling and dry-wall
damage.  

The
Cancholas and Stromatt dismissed their claims against each other with
prejudice.  The trial court granted the
motions for summary judgment of Kelly, White, and Remax without specifying the
grounds.  

II.  Issues
Presented

On appeal
the Cancholas present the following issues:

(1)       Did the trial court err in granting Kelly=s motion for summary
judgment?

(2)       Did the trial court err in granting White=s motion for summary
judgment?

(3)       Did the trial court err in granting Remax=s motion for summary
judgment?

 

                                                   III.  Standard
of Review

In
reviewing a traditional motion for summary judgment, we take as true all
evidence favorable to the non-movant, and we make all reasonable inferences in
the non-movant=s favor.  Dolcefino v. Randolph, 19 S.W.3d 906, 916
(Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  If the movant=s motion
and summary-judgment evidence facially establish its right to judgment as a
matter of law, the burden shifts to the non-movant to raise a genuine, material
fact issue sufficient to defeat summary judgment.  Id. 








We review
a no‑evidence summary judgment by ascertaining whether the non‑movant
produced any evidence of probative force to raise a fact issue on the material
questions presented.  Id.  We consider all the evidence in the light
most favorable to the party against whom the summary judgment was rendered and
disregard all contrary evidence and inferences. 
Id.  The party moving for a
no‑evidence summary judgment should state specifically the elements as to
which there is no evidence.  Id.
at 916B17.  A no‑evidence summary judgment is
improperly granted if the non‑movant presents more than a scintilla of
probative evidence to raise a genuine issue of material fact.  Id. at 917.  More than a scintilla of evidence exists when
the evidence would allow reasonable and fair‑minded people to differ in
their conclusions.  Id. at
917.  

IV.  Analysis

A.        Did the trial court err in granting
Kelly=s motion for summary judgment?

In their
first issue, the Cancholas argue the trial court erred in granting summary
judgment for Kelly because there is a genuine issue of material fact as to
whether Kelly negligently failed to discover defects in the roof during his
inspection of the property.  The
Cancholas contend that the roof was improperly installed and that a qualified
inspector would have discovered the defects immediately.  In his motion for summary judgment, Kelly
argued that (1) he did a complete inspection in a good and workmanlike manner;
(2) the inspection revealed all existing defects; and (3) the Cancholas,
through their agent Stromatt, were satisfied with his inspection.








Kelly=s motion
for summary judgment is essentially a traditional motion for summary judgment
asserting that Kelly, as a matter of law, was not negligent in inspecting the
property.  Kelly presented the following
evidence in support of his motion for summary judgment: (1) the transcript from
the deposition of David Stromatt; (2) an affidavit from Kelly; and (3) an
affidavit from another home inspector. 
In his deposition, David Stromatt testified that Awhen
[Kelly] noted those [water] spots [he] took extra special care looking at the
roof because [White] disclosed there was a previous repair@ and that
knowledge of this previous repair Amade us
very thorough spending extra time to look at that attic to make sure [Victor
Canchola] didn=t get a home with any problems
from a roof.@ 
David Stromatt=s
deposition shows that he discussed the report and its findings with Victor
Canchola. 

In his
affidavit, Kelly states he reported the following: (1) missing dry pack cement
in areas of the roof; (2) deteriorated fascia and trim boards due to moisture
penetration where the outside wall met the roof; (3) evidence of previous water
penetration in the ceiling of the upstairs parlor; and (4) areas of repaired
sheetrock damage in the garage ceiling, in the ceiling of the downstairs entry
hall, and in the upstairs pass hall that were drying at the time of
inspection.  However, Kelly=s report
gave no indication of active leaks. 
Kelly also stated in his affidavit that there was no apparent rotten
paneling in the house or structural defects in the roof.  Kelly testified further that he disclosed
every defect observed.

Additionally,
Kelly offered the affidavit of a competitor, Wayne Stevenson, of W. Stevenson
Inspection Services.  Stevenson testified
that he reviewed a copy of Kelly=s
inspection report and the Cancholas= amended
petition.  He stated that, in his
opinion: (1) Kelly could not have known nor been aware that the roof needed
repair; (2) the inspection report adequately revealed defects in the roof to
the extent required in a home inspection report according to the standards of
the home inspection business; (3) Kelly was not negligent and observed defects
that would have been immediately evident to a qualified inspector; (4) Kelly
was not negligent because he disclosed the true condition of the roof to the
extent required by a home inspector in keeping with the standards of the home
inspection business; and (5) Kelly did not breach any implied warranties
because he performed his inspection in a good and workmanlike manner. 








In their
response to the motion for summary judgment, the Cancholas produced an
affidavit of a roofing inspector, Michelle Herrera.[1]  The following is the entirety of this
affidavit:

My name is Michelle
Herrera.  I have been in the roofing
business for 7 years. I am the owner and operator of Chase Tile Roofing.  I am familiar with the type of construction
used on the house owned by Dr. Victor Canchola. 
I personally inspected the roof at 110 Heritage Trail, Bellville, Texas,
for Dr. Victor Canchola on the 31st day of July, 1998.  The roof was not properly installed.  It must be removed and replaced.  The problem is not broken tiles.  The problem is that it was improperly
installed.  Until it is replaced the roof
will continue to leak and cause water damage to the interior of the house.

Any qualified inspector,
examining the roof would know it must be replaced, that as it sits on the
house, it is defective and poses a hazard to the interior of the house.

 

Herrera
does not indicate any facts or reasoning explaining why the roof is improperly
installed and merely concludes that any qualified inspector would have known
that the roof was defective and hazardous. 
This affidavit is conclusory and of no probative value.  See McIntyre v. Ramirez, 109 S.W.3d
741, 749B50 (Tex.
2003) (holding that an affidavit must be based on facts and cannot merely
recite factual conclusions and that conclusory statements unsupported by facts
are not proper summary-judgment evidence). 
Therefore, it does not raise a genuine issue of material fact as to
whether Kelly=s inspection was negligent.  








The
Cancholas, in their affidavits, state that shortly after moving into the house,
they discovered that the wood veneers in the family room were water-rotted to
the extent that they could poke their fingers through the wood.  The Cancholas do not state whether the wood
veneers were in this condition when they toured the property in May of 1996,
and they do not state when they moved into the house.  Presuming under the applicable standard of
review, that the Cancholas moved into the house immediately after the closing
in August of 1996, it is not reasonable to infer from the rotted condition  of the veneers in August 1996, that Kelly negligently
conducted his inspection on April 27, 1996, by not observing that these veneers
were rotten (if they were).  The
Cancholas= affidavits do not raise a
genuine issue of fact as to whether Kelly negligently failed to discover roof
defects during his inspection of the property in April 1996.  Accordingly, we overrule the Cancholas= first
issue.

B.        Did the trial court err in granting
White=s motion for summary judgment?

In their
second issue, the Cancholas argue that the trial court erred in granting
summary judgment for White because there is a genuine issue of material fact as
to whether White made fraudulent misrepresentations to the Cancholas regarding
the roof=s
condition. Among other grounds, White moved for summary judgment on the ground
that the Cancholas judicially admitted in their petition that Stromatt, who was
acting for the Cancholas under a power of attorney, knew that the roof of the
subject property had been in need of repair for some time.  White asserted that the Cancholas are bound
by their agent=s alleged knowledge that the roof
had been in need of repair for some time and that, therefore, White cannot be
liable for fraudulently representing that the roof was not defective and not in
need of repair.  The Cancholas did not
challenge or address this summary-judgment ground in their summary-judgment
response, nor do they challenge it on appeal. 
When, as in this case, summary judgment is sought on multiple,
alternative grounds, an appellant=s failure
to challenge each ground asserted allows the summary judgment to be
affirmed.  See Sudan v. Sudan, 145
S.W.3d 280, 289B90 (Tex.
App.CHouston
[14th Dist.] 2004, pet. filed).  Because
the Cancholas have not challenged White=s summary
judgment on this ground, they have not shown error in granting White=s motion
for summary judgment.  Accordingly, we
overrule the Cancholas= second
issue.








C.        Did the trial court err in granting
Remax=s motion for summary judgment?

In their
third issue, the Cancholas argue that the trial court erred in granting summary
judgment for Remax because Remax had a duty to inspect the property to
determine its condition.  The Cancholas
provide no analysis as to why or how this argument is supported by the evidence
nor do they cite applicable legal authority, thus waiving this issue on appeal
by failing to properly brief it.  See
Tex. R. App. P. 38.1(h);
Deutsch v. Hoover, Bax & Slovacek, L.L.P., 97 S.W.3d 179, 198B99 (Tex.
App.CHouston
[14th Dist.] 2002, no pet.).  In any
event, a listing agent like Remax has no such duty to inspect.  See Sherman v. Elkowitz, 130 S.W.3d
316, 321B22 &
n.7 (Tex. App.CHouston [14th Dist.] 2004, no
pet.).  Accordingly, we overrule the Cancholas= third
issue.

Having
overruled all of the Cancholas= issues,
we affirm the trial court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and
Memorandum Opinion filed December 30, 2004.

 

Panel consists of Chief
Justice Hedges and Justices Frost and Guzman.

 

 

 











[1]  On appeal, Kelly challenges this
affidavit asserting that the affiant is not an expert and that the affidavit
was inadequately dated (Kelly alleges that the date on the affidavit specifies
only the month and the day, but lacks the year).  However, Kelly does not cite to, and we have
not found, any place in the trial court record where Kelly objected on these
grounds.  We find Kelly has waived these
objections.  See Grand Prairie Indep.
Sch. Dist. v. Vaughn, 792 S.W.2d 944, 945 (Tex. 1990) (stating objection
based on affidavit=s failure to explicitly state that
it was based on personal knowledge and that witness was competent was waived by
failure to object in the trial court).