Opinion issued December 9, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00402-CV

———————————

Phenel MoNdesir, Appellant

V.

Luby’s
Restaurants, Limited Partnership, Appellee



 



 

On Appeal from the 11th District Court

Harris County, Texas



Trial Court Case No. 2008-35815

 



 

MEMORANDUM OPINION

Phenel Mondesir
appeals from an order granting final summary judgment in favor of Luby’s
Restaurants, Limited Partnership.  In his
sole issue, Mondesir argues that his uncontroverted evidence raised genuine questions
of material fact.  Because Mondesir did
not preserve his objection to the evidence submitted in support of the summary-judgment
motion, and because he failed to adequately brief the issue of whether there
were genuine issues of material fact, we conclude that any error by the trial
court was waived.  Accordingly, we affirm.

Factual Background

          Mondesir,
a supervisor at a Luby’s cafeteria, was fired after an altercation with another
employee in which the other employee used a racial slur.  Following
his termination, Mondesir filed suit against Luby’s alleging disability
discrimination in violation of the Texas Commission on Human Rights Act,
negligence, intentional infliction of mental distress, gross negligence,
vicarious liability for the negligence of another Luby’s employee, and
negligent investigation.

          Luby’s moved for summary
judgment claiming that it was entitled to judgment as a matter of law on all of
Mondesir’s claims.  It attached three
exhibits in support of its motion for summary judgment: (1) a form signed by
Mondesir acknowledging his receipt of the Luby’s employee handbook and
certifying that he was an at-will employee; (2) a disciplinary form, also
signed by Mondesir, reprimanding him for inappropriate conduct; and (3) an
excerpt from Mondesir’s deposition in which he stated that he was not disabled.

          Mondesir filed a second
amended petition which alleged additional claims of wrongful discharge; libel,
slander, and defamation; retaliation; business disparagement; and age
discrimination.  He also responded to the
motion for summary judgment and submitted an affidavit in which he swore that
the signatures on the employee handbook and disciplinary form were not his,
that he had never been suspended without pay, and that he had previously
observed Luby’s giving different treatment to different employees based on
race.

          Mondesir
objected to the competency of the summary-judgment evidence submitted by Luby’s
on the grounds that the factual statements contained in the body of the motion
were inadmissible because they were not verified or supported by sworn affidavits.  He argued that there were questions of
material fact with respect to his negligence claims and his intentional
infliction of emotional distress claim.  Following
a hearing, the trial court granted summary judgment in favor of Luby’s and
dismissed all of Mondesir’s claims with prejudice.  

On appeal, Mondesir argues that
the trial court erred in granting summary judgment because his uncontroverted
evidence raised genuine issues of material fact.

Analysis

I.                 
Standard of review

We review the trial court’s summary judgment de novo.  See
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Under the traditional summary-judgment
standard, a defendant moving for summary judgment has the burden to show that
no genuine issues of material fact exist and that it is entitled to judgment as
a matter of law.  Tex. R. Civ. P. 166a(c); Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  In order to prevail, the defendant must
conclusively negate at least one essential element of each of the plaintiff’s
causes of action or conclusively establish each element of an affirmative
defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  After the defendant produces evidence demonstrating
its entitlement to summary judgment, the burden shifts to the plaintiff to
present evidence that creates a genuine issue of material fact.  Centeq Realty,
Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant and indulge every reasonable
inference in the nonmovant’s favor.  Sci. Spectrum, 941 S.W.2d at 911
(citing Nixon, 690 S.W.2d at 549).

II.              
Competency of summary-judgment evidence

Mondesir argues in his brief that the unsworn and unverified statements
contained in the summary-judgment motion should not have been considered by the
trial court because they were not competent summary-judgment evidence.

Summary-judgment evidence must be presented in a form that would be
admissible at trial.  See, e.g., Vice v. Kasprzak, 318 S.W.3d 1, 11 (Tex. App.—Houston [1st Dist.]
2009, pet. denied).  But if a party has objections
to defects in the form of supporting attachments, those objections must be made
in writing and placed before the trial court, or the objections will be waived.  See Tex. R. Civ. P. 166a(f); Grand Prairie Indep. Sch. Dist. v. Vaughan,
792 S.W.2d 944, 945 (Tex. 1990).  A
party’s failure to secure a ruling on an objection also waives the issue on
appeal.  See, e.g., Vice, 318
S.W.3d at 11.

Here,
Mondesir objected to the evidence submitted in the motion for summary judgment
but failed to obtain a ruling on the objections, and therefore he has not
preserved his complaint on appeal.  We
overrule this issue. 

III.          
Questions of material fact

Mondesir
argues that the summary judgment should be reversed because there were genuine
issues of material fact raised in his summary-judgment response.  Such a general statement of the issue on
appeal is sufficient to raise arguments as to all possible grounds upon which
summary judgment should have been denied. 
Malooly Bros., Inc. v. Napier,
461 S.W.2d 119, 121 (Tex. 1970).  The
Texas Rules of Appellate Procedure, however, require that appellate briefs
“contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.”  Tex.
R. App. P. 38.1(i).  Mondesir was
not relieved of the burden to present articulate and succinct arguments for the
issues raised, stating the reasons why the trial court erred in granting
summary judgment in favor of Luby’s.  See Orion
Ref. Corp. v. UOP, 259 S.W.3d 749, 760 (Tex. App.—Houston [1st Dist.] 2007,
pet. denied).

Here,
Mondesir made one argument consisting of two pages in which he purported to
assert that summary judgment was improperly granted as to all his claims.  The substantive portion of his argument is as
follows:

Insofar as Appellant excepted and objected to
Appellee’s Motion For Summary Judgment and the dearth of evidence proffered by
it in support thereof, it was incumbent upon Appellee to correct the
deficiencies before going forward with same in a hearing thereon.  Since Appellee failed to do so and since
Appellant preserved his exceptions and objections by timely filing same, the
Trial Court erred in granting Appellee’s Motion For Summary Judgment in view of
the deficiencies and/or defects contained in said Motion For Summary Judgment
and in view of Appellant’s responses and affidavit thereto, which created
genuine issues of material fact. 

 

Since Appellee filed no further definitive evidence
controverting Appellant’s evidence proffered in connection with his response to
said Motion, genuine issues of material fact existed concerning Appellant’s
claims of negligence and etc. which precluded the Trial Court from granting a
summary judgment. The Trial Court, in resolving the issues of whether Appellee
carried its burden, must view all evidence proffered by Appellant as true and
all reasonable inferences, including any doubts, must be given to Appellant.  Ergo the trial court was compelled to deny
Appellee’s Motion For Summary Judgment. 

          Mondesir failed to specify
any particular genuine issue of material fact in his appellate brief.  His brief completely fails to identify any
factual dispute, and it fails to present any argument about why disputed facts
in this case preclude judgment as a matter of law as to any particular cause of
action.  See Tex. R. Civ. P. 166a(c).
 His brief also provides no citations to
case law.

While this
Court recognizes that we must construe the rules “reasonably, yet liberally, so
that the right to appeal is not lost by imposing requirements not absolutely
necessary to effect the purpose[s] of the rule[s],” Republic Underwriters, Ins. Co. v. Mex-Tex, Inc., 150 S.W.3d 423,
427 (Tex. 2004) (quoting Verburgt v.
Dorner, 959 S.W.2d 615, 616–17 (Tex.
1997) (internal quotation marks omitted)), we are not obligated or permitted to
assume the advocate’s responsibility of developing arguments on appeal.  Jordan
v. Jefferson Cnty., 153 S.W.3d 670, 676 (Tex. App.—Amarillo 2004, pet.
denied); see also Tex. R. App. P. 38.9.  Accordingly, we hold that Mondesir has
inadequately briefed this issue and, thus, waived it.  See Tex. R. App. P. 38.1(i); see also Stephens v. Dolcefino, 126 S.W.3d 120, 129 (Tex. App.—Houston [1st
Dist.] 2003), pet. denied, 181 S.W.3d
741 (Tex. 2005).

To the
extent Mondesir’s summary of the argument may be liberally construed to suggest
that the trial court was required to deny the summary judgment as to the newly
alleged causes of action in the second amended petition, we similarly hold that
the issue is waived because it was inadequately briefed.  See Tex. R. App. P. 38.1(i); Stephens, 126 S.W.3d at 129.

 

Conclusion

          We affirm the judgment of the trial
court.

 

 

_________________________

Michael Massengale

                                                                   Justice

 

Panel consists of Chief Justice Radack and Justices
Massengale and Nuchia.*

 











*        The
Honorable Sam Nuchia, Senior Justice, Court of Appeals for the First District
of Texas, participating by assignment.