**Reversed and Remanded and Memorandum Opinion filed May 15, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00260-CV

### NICOLE HILL A/K/A NICOLE HOLTZ, Appellant

### V.

### TOOTSIES, INC., Appellee

**On Appeal from the County Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 969651**

## M E M O R A N D U M   O P I N I O N

Appellee, Tootsies, Inc., sued appellant, Nicole Hill a/k/a Nicole Holtz, for breach of contract based on her alleged failure to pay for merchandise purchased from Tootsies's store. Tootsies filed a motion for summary judgment, to which Hill responded. On December 9, 2010, the trial court signed an order granting Tootsies's motion for summary judgment and awarding $12,510.62 in actual damages and pre- and post-judgment interest but no attorney's fees, despite Tootsies's request. Hill timely filed a motion for new trial, which the trial court denied by written order. In two appellate

issues, Hill challenges the summary judgment. We conclude the trial court erred by granting summary judgment in favor of Tootsies. Accordingly, we reverse and remand.[1]

## STANDARD OF REVIEW

A party moving for traditional summary judgment must establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). A plaintiff moving for summary judgment must conclusively prove all essential elements of its claim. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.— Houston [14th Dist.] 2005, pet. denied) (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986)). We review a summary judgment de novo. *Knott*, 128 S.W.3d at 215. We take all evidence favorable to the nonmovant as true and indulge every reasonable inference and resolve any doubts in her favor. *Id.*

## ANALYSIS

To prevail on a breach-of-contract claim, a plaintiff must prove (1) a valid contract existed between the plaintiff and the defendant, (2) the plaintiff tendered performance or was excused from doing so, (3) the defendant breached the terms of the contract, and (4) the plaintiff sustained damages as a result of the defendant's breach. *West v. Triple B Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In its motion for summary judgment, Tootsies asserted that its summary-judgment evidence established existence of a contract between Tootsies and Hill, she breached the contract by failing to pay for merchandise purchased from Tootsies "in accordance with the terms of the agreement," and Tootsies incurred damages in the amount of $12,510.62. In support, Tootsies presented only the affidavit of Norman Lewis, who averred as follows:

---

[1] In a cross-issue, Tootsies challenges the trial court's refusal to award attorney's fees and requests that we take judicial notice of reasonable and necessary attorney's fees. This issue is rendered moot by our conclusion that the trial court erred by granting Tootsies's motion for summary judgment. Nonetheless, we would lack jurisdiction to consider this issue because Tootsies seeks to alter the trial court's judgment but did not file a notice of appeal or argue any "just cause" for granting the requested relief absent a notice of appeal. *See* Tex. R. App. P. 25.1(c).

"My name is Norman Lewis. I am over the age of 18 years and fully competent to testify to the matter stated in this affidavit. I have personal knowledge of the facts and statements contained in this affidavit and each of them is true and correct.

"I am the Chief Operating Officer and an authorized agent of [Tootsies].

"[Hill] has made several retail purchases from [Tootsies]. However, [Hill] has failed to pay, in full, the amount owed to [Tootsies] for these purchases. [Tootsies] is owed the principal amount of $12,510.62 from [Hill].

The remainder of the affidavit pertained solely to attorney's fees.

Hill presents two stated issues: (1) because Lewis's affidavit failed to establish existence of a contract between Tootsies and Hill, a genuine issue of material fact exists; and (2) Lewis's affidavit was insufficient to support summary judgment "without being supported by other factual statements in his affidavit." Within the body of her argument, Hill contends that Lewis failed to demonstrate his averments were based on personal knowledge and the statements are conclusory.

First, Hill complains Lewis failed to explain how he gained personal knowledge of the averments and his assertion that he is Chief Operating Officer and an authorized agent of Tootsies was insufficient to demonstrate personal knowledge. However, this complaint is a challenge to the form of Lewis's affidavit, which Hill waived by failing to obtain a ruling on the objection advanced in her summary-judgment response. *See Butler v. Hudson & Keyse, L.L.C.*, No. 14-07-00534-CV, 2009 WL 402329, at *2 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.) (citing *Grand Prairie Indep. Sch. Dist. v. Vaughn*, 792 S.W.2d 944, 945 (Tex. 1990)).

Next, Hill suggests Lewis's averments are conclusory. This complaint is a challenge to an alleged substantive defect, which Hill may raise for the first time on appeal. *See Pico v. Capriccio Italian Restaurant, Inc.*, 209 S.W.3d 902, 909 (Tex. App.—Houston [14th Dist.] 2006, no pet.). "'A conclusory statement is one that does not

provide the underlying facts to support the conclusion.'" *Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (quoting *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ)).

Although Hill's contention is not exactly clear, we liberally construe it as an argument that Lewis's averments are conclusory relative to existence of a contract because he did not include any facts, or reference or attach any documents, proving a contract obligating Hill to pay for the merchandise. Alternatively, we construe Hill's overall complaint as an argument that Tootsies's summary-judgment evidence is legally insufficient to establish existence of a contract. Regardless of how Hill frames her contention, we agree with the argument.

Lewis's assertion that Tootsies is "owed" a certain amount for merchandise purchased by Hill did not establish existence of a contract. Lewis did not mention any contract or reference or attach any documents proving a contract. Quite simply, Lewis did not actually demonstrate the basis for Hill's alleged obligation to pay for the merchandise, much less what contract she purportedly breached by failing to pay. In fact, in its petition and motion for summary judgment, Tootsies also provided no details regarding the alleged contract.

In its response to Hill's motion for new trial, Tootsies asserted that it sued Hill for "failure to pay her credit card bills." However, in its motion for summary judgment, Tootsies did not mention, or present evidence of, a credit-card agreement. To support her motion for new trial, Hill attached her own affidavit, averring that she never owned a Tootsies' credit card. In her appellate brief, Hill notes that she may not rely on this averment on appeal because this evidence was late filed. However, in its order denying the motion for new trial, the trial court indicated it considered the evidence attached to the motion. *See Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 702 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (recognizing that appellate court may consider late-filed summary-judgment evidence, including evidence presented to support motion for new

4

trial, as long as trial court affirmatively indicated in record it accepted or considered the late-filed evidence). Regardless, because Tootsies failed to prove existence of a credit-card agreement, the burden never shifted to Hill to raise a genuine issue of material fact on existence of such an agreement. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

In support of Hill's motion for new trial, she also attached Tootsies's responses to Hill's request for production, in which Tootsies answered "None" when requested to produce "[a] copy of the signed contract between" Hill and Tootsies. Again, the burden never shifted to Hill to negate existence of a signed contract. However, even if we consider Tootsies's answer to the discovery request, it failed to provide summary-judgment evidence of any other documents allegedly establishing a written contract or prove an oral contract.[2]

In sum, because Tootsies failed to conclusively prove existence of a contract, the trial court erred by granting its motion for summary judgment. Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

/s/  Charles W. Seymore
    Justice

Panel consists of Justices Frost, Seymore, and Jamison.

---

[2] Contrary to the statement in its response to the motion for new trial, Tootsies suggests in its appellate brief that the suit is *not* based on a credit-card agreement but is based on "an account debt." Regardless, at this point, Tootsies has pleaded and moved for summary judgment on only a breach-of-contract theory without establishing existence of a contract under which Hill was allegedly obligated to pay for the merchandise, whether a credit-card agreement or other contract.